UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY J. LUGO, | CV F   04 5156 AWI DLB P |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| C.D.C. OFFICER BANUELOS, et. al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro per and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. Pending before the Court is the complaint, filed January 23, 2004.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to

1

1  state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint
2  can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).
3         In the instant case, plaintiff bring action against Correctional Officers Banuelos, Urena,
4  Stailey and Diaz.  Plaintiff alleges that in reprisal for his filing inmate appeals and lawsuits, these
5  officers have interfered with his legal work, confiscated his legal documents, denied his access to
6  the law library and harassed him.  He alleges that on January 13, 2004, defendant Diaz banned
7  him from the law library.
8         An allegation of retaliation against a prisoner's First Amendment right to file a prison
9  grievance is sufficient to support claim under Section 1983.  Bruce v. Ylst, 351 F.3d 1283, 1288
10 (9th Cir.2003).  "Within the prison context, a viable claim of First Amendment retaliation entails
11 five basic elements:  (1) An assertion that a state actor took some adverse action against an
12 inmate (2) because of (3) that prisoner's protected conduct, and that such action  (4) chilled the
13 inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a
14 legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).   The
15 court must " 'afford appropriate deference and flexibility' to prison officials in the evaluation of
16 proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt v. Rowland,
17 65 F.3d 802, 807 (9th Cir.1995) (*quoting* Sandin v. Conner, 515 U.S. 472, 482, 115 S.Ct. 2293
18 (1995)).  The burden is on plaintiff to demonstrate "that there were no legitimate correctional
19 purposes motivating the actions he complains of." Pratt, 65 F.3d at 808.
20        Plaintiff's conclusory allegations that defendants took the alleged actions against him in
21 "reprisal" for filing 602 appeals and lawsuits are insufficient to give rise to a claim for relief
22 under section 1983 for retaliation.  Plaintiff has failed to describe any link between the protected
23 action and the alleged retaliatory conduct other than his own conclusory statements.
24        Further, plaintiff's allegations are insufficient to give rise to s claim for denial of access
25 to the courts.  Inmates have a fundamental constitutional right of access to the courts.  Lewis v.
26 Casey, 518 U.S. 343, 346 (1996).  The right of access is merely the right to bring to court a
27 grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions,
28 and civil rights actions.  Id. at 354.  The State is not required to enable the inmate to discover

grievances or to litigate effectively once in court. Id.

Inmates do not have the right to a law library or legal assistance. Id. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. Rather, an inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. Id.

Plaintiff has not alleged facts giving rise to a colorable claim for relief under section 1983 for denial of access to the courts. His general allegations of denial of access to the law library do not give rise to a claim for denial of access to the court system. Plaintiff must allege that defendants' conduct resulted in an actual injury.

Plaintiff's complaint, as drafted, does not state any cognizable claims for releif under section 1983 against the named defendants and therefore must be dismissed. The Court will, however, grant leave to file an amended complaint. Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

     1. Plaintiff's complaint is dismissed;

     2. The Clerk of Court is directed to send plaintiff a section 1983 complaint form for use by pro se prisoners;

     3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in dismissal of this action for failure to state a claim and failure to comply with the court's order.

IT IS SO ORDERED.

Dated:   May 19, 2006                    /s/ Dennis L. Beck
3b142a                                          UNITED STATES MAGISTRATE JUDGE